## JOHN L. FLETTRICH vs. BARTHELEMY MARPHIS.

### Syllabus.

Questions of fact only are involved.

Appeal from the Civil District Court, for the Parish of Orleans, Division ''A,'' No. 101,817. Hon. T. C. W. Ellis, Judge.

Stafford & Robinson, for plaintiff and appellee.

Legier, Gleason and Ritayik, for defendant and appellant.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

Plaintiff sues for $150.00, the price at which defendant sold a horse for his account.

The defendant for answer asserts that the proceeds of this sale, namely, $150.00, were, with plaintiff's consent, applied to the partial payment of the price of another horse sold by defendant to plaintiff for $215.00; and that plaintiff having failed and refused without cause to pay the balance of the price of this second sale, is liable in reconvention to defendant for same. Plaintiff had judgment as prayed for and the reconventional demand was dismissed.

The issue presented is one of fact alone, that is, if whether or not, as set up in the answer, defendant did sell to plaintiff a second horse for $215.00, to the partial payment of which $150.00 claimed by plaintiff was applied.

Plaintiff's version of the transaction is that he took the second horse on trial; that when he used it, it shied,

balked and proved unsatisfactory, and that he promptly returned it to defendant, who thereupon promised to immediately pay to him the $150.00, the proceeds of the sale of the first horse, which plaintiff had meanwhile permitted him to retain with the understanding that it was to be applied to the partial payment of the price of the second horse in the event only that the latter proved satisfactory.

Defendant asserts, however, that the second horse was sold outright to plaintiff after inspection, unconditionally and without right of trial. But his testimony to that effect stands alone and is uncorroborated; while on the other hand plaintiff's testimony to the effect that it was a conditional sale, is corroborated not only by that of his son, but also by the admitted fact that plaintiff had previously purchased of defendant another horse that had to be disposed of at a loss because it proved unsuited to plaintiff's purpose; as well as by the further conceded fact that the second horse was promptly returned to defendant after plaintiff had used and tried it but an hour. Moreover, the trial Judge resolved the conflict in the testimony in plaintiff's favor and we find no reason to disturb his conclusions.

The judgment is accordingly affirmed.

Judgment affirmed.

Opinion and decree, June 26th, 1914.